# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMINIKA WRIGHT,<br><br>Defendant. | Crim. Action No. TDC-17-0388<br>Crim. Action No. TDC-19-0035 |

## MEMORANDUM ORDER

Pending before the Court is Defendant Aminika Wright's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On April 30, 2019, the Court sentenced Wright in Case No. TDC-19-0035 to 28 months of imprisonment on her conviction for wire fraud, in violation of 18 U.S.C. § 1343, and in Case No. TDC-17-0388 to 33 months of imprisonment for a violation of supervised release, specifically the commission of a crime while on supervised release, consisting of the wire fraud. The sentences were ordered to run concurrently. Wright was designated to the Federal Correctional Institution-Hazelton in Bruceton Mills, West Virginia ("FCI-Hazelton"). Having served over eight months in pretrial detention prior to her sentencing, and with good time credits, Wright is presently scheduled to be released on December 28, 2020.

In her Motion, Wright seeks a reduction of her sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the significant health risk that exposure to the coronavirus would pose to her in light of her age and various medical conditions. The Government opposes the Motion on the grounds that (1) Wright has not exhausted administrative remedies, as required by the statute; and (2)

Wright has not demonstrated the extraordinary and compelling reasons required to justify a sentencing reduction.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018).  This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence.  *See id.* § 3582(c)(1)(A).  Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court.  The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)   in any case that—
>
> (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction;
>
> *   *   *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Wright argues that the COVID-19 pandemic, along with her age and medical conditions that place her at high risk for death or serious illness from COVID-19, presents "extraordinary and compelling reasons" warranting a sentence reduction to time served.

## I.     Exhaustion of Administrative Remedies

Wright asserts that she sent a request for compassionate release to the Warden of FCI-Hazelton on March 24, 2020 ("the First Request"), and that after that request was returned as deficient, she filed another request on April 15, 2020 ("the Second Request"). The Second Request was date-stamped as received by the Warden on April 22, 2020. Opp'n Mot. Compassionate Release ("Opp'n") Ex. A, ECF No. 27-1. In a filing on May 11, 2020, Wright reported that the Second Request was denied on May 7, 2020. ECF No. 24. Even so, where Wright has not asserted or provided evidence to show that she completed all available administrative appeals, the Warden's denial alone does not establish that the exhaustion requirement has been satisfied. *See* 18 U.S.C. § 3582(c)(1)(A).

Nevertheless, under the statute, the exhaustion requirement is fulfilled "after . . . the lapse of 30 days from the receipt of such request by the warden of the defendant's facility." *Id*. Although the First Request, sent on March 24, 2020, was returned to Wright because she had improperly checked off two possible grounds for a reduced sentence, a review of that request reveals that she otherwise provided substantially the same information provided on the Second Request that the Warden eventually denied. *See* Reply Ex. 1, ECF No. 49-1. Where the First Request provided sufficient information to permit the Warden to make a determination on compassionate release, and was deficient only in that it provided more information than required, the Court finds that it constituted a valid request under the statute for purposes of the exhaustion requirement, even if the Warden chose to insist on compliance with a procedural nicety. Where 30 days have elapsed since

the First Request was received, the Court finds that Wright has satisfied the statutory exhaustion requirement.

**II.     Compassionate Release**

Wright argues that the COVID-19 pandemic and her specific vulnerability to COVID-19 based on age and medical conditions, present "extraordinary and compelling reasons" that warrant a reduction in her sentence to time served. As of May 20, 2020, the pandemic has resulted in more than 4.5 million cases worldwide and over 300,000 deaths. Coronavirus Disease (COVID-19) Pandemic, World Health Org., https://www.who.int/emergencies/diseases/novel-coronavirus-2019, last visited May 20, 2020. In the United States, as of the same date, it has resulted in 1.5 million cases and over 90,000 deaths. Cases in U.S., Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html, last visited May 20, 2020. In light of the shared facilities, the difficulty of social distancing, and challenges relating to maintaining sanitation, the risk of infection and the spread of infection within prisons and detention facilities is particularly high. *See Coreas v. Bounds*, No. TDC-20-0780, 2020 WL 1663133, at *2 (D. Md. Apr. 3, 2020) (citing expert opinions). Thus, even with the BOP mitigation measures outlined by the Government, as of May 20, 2020, there are presently 2,453 confirmed cases of COVID-19 among inmates and correctional staff at Bureau of Prisons facilities, and 58 inmates have died from COVID-19. *See COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp, last visited May 20, 2020.

Wright is presently 66 years old, has a body mass index over 50, and has a variety of medical conditions, including diabetes, hypertension (high blood pressure), chronic kidney disease, and asthma. According to the Centers for Disease Control and Prevention ("CDC"), someone who is over age 65, or who has severe obesity as established by a body mass index of 40

or higher, is at high-risk for severe illness from COVID-19.  *See* People Who Are at Higher Risk for Severe Illness, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html, last visited May 20, 2020.  Diabetes and hypertension, as well as chronic kidney disease requiring dialysis and moderate-to-severe asthma, also place an individual at high risk.  *Id.*  The Court therefore finds that Wright is particularly vulnerable to COVID-19 based on her age, obesity, and medical conditions of diabetes and hypertension.  The fact that she has milder forms of other high-risk medical conditions reinforces this finding.

The Court also finds that where an inmate is incarcerated within a prison in which there is imminent risk of exposure to the coronavirus and is at high risk for death or serious illness from COVID-19 based on age, medical conditions, or other factors, there would be "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that would justify a reduced sentence or release.  Although the Government has argued that "extraordinary and compelling reasons" are limited to those referenced in the policy statement in the United States Sentencing Guidelines, this Court has previously analyzed the statute and Guidelines and concluded that no such limitation exists.  *See United States v. Mel*, No. TDC-18-0571, 2020 WL 2041674 at *3 (D. Md. Apr. 28, 2020).  In a recent supplemental filing, the Government now agrees, based on recent Department of Justice guidance, that Wright's diabetes condition, and perhaps other medical conditions she presently has, could constitute "extraordinary and compelling reasons" under the circumstances of the COVID-19 pandemic.

Here, however, there is no evidence of any cases of COVID-19 at FCI-Hazelton, past or present.  Even during the pendency of this Motion, where the Bureau of Prisons has regularly provided updates on the number of cases at all federal prisons, none have been identified at FCI-

Hazelton. Although Wright initially asserted that FCI-Hazelton had been designated to receive inmates and detainees from facilities with ongoing outbreaks of COVID-19, that has not proven to be the case, whether based on inaccurate information or a change of decision by the Bureau of Prisons. While the Court does not consider the actual presence of COVID-19 within a prison to be a necessary prerequisite for a finding that an inmate with a high-risk medical condition should be released based on extraordinary and compelling reasons, the fact that there are no cases at FCI-Hazelton reduces the imminence of the risk to Wright and must be considered.

A reduced sentence or release based on extraordinary and compelling reasons also requires consideration of the factors in 18 U.S.C. § 3553(a) and an assessment of consistency with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although the relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), it specifically requires consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).

Here, the original 33-month sentence appropriately balanced the purposes of sentencing and reflected the nature and circumstances of Wright's egregious fraud offense and her personal history and characteristics, which include a very long and unmitigated history of criminal activity. If released, Wright will have served approximately 21 months, which is approximately 64 percent of her full sentence, or 75 percent upon consideration of the good-time credits that have led to the present calculation of her release date as December 28, 2020. Where Wright's crime was a non-violent offense, such a reduction could potentially be justified based on the heightened significance of Wright's health circumstances in light of the threat from COVID-19. The Court, however, is troubled by the evidence that two of Wright's victims, who both submitted written statements in

opposition to this Motion, continue to live in significant fear of physical harm caused by Wright. According to one victim, Wright threatened to harm her family if she pressed charges against Wright for the fraud underlying her present conviction, then once the victim reported the crime, Wright called the victim's daughter and threatened to kill her children and stated that she knew where they lived and where her children went to school. Opp'n Ex. G, ECF No. 45-1. Another victim asserts that she continues to fear Wright because Wright told her that she has a gun and threatened to kill her if she assisted in the prosecution of the case against Wright. Opp'n Ex. E, ECF No. 43-5. While the potential danger to others could be reduced to some degree by a period of home detention with stringent conditions, where one of the specific purposes of sentencing is to protect the public from further crimes by the defendant, 18 U.S.C. § 3553(a), the fact that Wright presents such a danger weighs against release. When this risk to others is considered alongside the fact that, at the present time, there is no evidence of COVID-19 at FCI-Hazelton, the Court concludes that release under 18 U.S.C. § 3582(c)(1)(A) is not warranted at this time. The Motion will therefore be denied. If the factual circumstances change, such as if inmates or staff at FCI-Hazelton test positive for COVID-19, Wright may seek reconsideration of this ruling on the basis of such new information.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Wright's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 38 (TDC-17-0388) and ECF No. 21 (TDC-19-0035), is DENIED.

Date:  May 20, 2020                    /s/  *Theodore D. Chuang*
                                       THEODORE D. CHUANG
                                       United States District Judge